**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ANTHONY TOWNSEL, | ) ) ) | |
| Petitioner, | ) ) | No. 07 C 174 |
| v. | ) ) | |
| JODY HATHAWAY, Warden | ) ) | HONORABLE DAVID H. COAR |
| Respondent.[1] | ) ) | |

## MEMORANDUM OPINION AND ORDER

Anthony Townsel, an Illinois prisoner, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The state has answered, and Townsel has replied. For the following reasons, Townsel's petition is now DENIED.

## FACTS

Anthony Townsel was arrested and charged with first-degree murder and attempted armed robbery in connection with the shooting death of Hisham Durrah, a grocery store clerk, on December 30, 1989. After his motion to suppress his statements to the police was denied, Townsel pled guilty to first-degree murder in the Circuit Court of Cook County on May 21, 1991 and was sentenced to forty years in prison. On direct appeal, Townsel's appointed counsel withdrew after filing an *Anders* brief, and the appeal was dismissed. *People v. Townsel*, No. 1-91-2136 (Ill. App. Ct. Feb 5, 1993). Townsel, *pro se*, then filed several post-conviction petitions in the circuit court. He argued that his guilty plea was neither knowing nor voluntary because

---

[1] At the time of his petition, Townsel was incarcerated at Logan Correctional Center; Gregory Firkus, the original named respondent, was the warden at the time. Townsel is now incarcerated at Shawnee Correctional Center, where Jody Hathaway is the acting warden. Thus, Hathaway is the proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048 (7th Cir. 2005).

the court had not properly admonished him—specifically, the court erroneously told Townsel that by pleading guilty he would not waive his right to appeal the denial of his suppression motion. The circuit court dismissed his petitions, but the appellate court, finding that Townsel had not been properly admonished as to the consequences of his guilty plea, reversed and remanded the case in order to allow him to withdraw his guilty plea, if he so desired. *People v. Townsel*, No. 1-96-2595 (Ill. App. Ct. May 8, 1998).

Townsel withdrew his guilty plea, and a Cook County jury convicted him of first-degree murder and attempted robbery on September 22, 2000; on November 8, 2000, the circuit court sentenced him to forty years in prison. On direct appeal, Townsel argued that (1) the trial court erred by not excusing two jurors during voir dire; (2) the State impermissibly elicited prejudicial hearsay testimony from Townsel's brother and mentioned the testimony in closing argument; (3) the trial court erred in permitting a State's witness to state his belief that he thought petitioner was lying when he denied committing the crime; and (4) the trial court erred by refusing Townsel's request to represent himself with the assistance of standby counsel. The appellate court affirmed Townsel's conviction. *People v. Townsel*, No. 1-00-4057 (Ill. App. Ct. March 31, 2003). Townsel's petition for leave to appeal (PLA) with the Illinois Supreme Court reasserted the second and third issues raised on direct appeal and was denied on October 7, 2003. *People v. Townsel*, 803 N.E.2d 498 (Ill. 2003).

On October 31, 2002, while his direct appeal was pending, Townsel, again *pro se*, filed a "petition for post-judgment relief from judgments" in the circuit court. Townsel alleged various *Brady* and confrontation-clause violations, malicious prosecution, prosecutorial misconduct, and two claims that are now at the heart of his habeas petition. First, Townsel argued that his arrest was invalid under the Fourth Amendment, since the police executed an arrest warrant in the

name of "Anthony Hardrick," which is not an alias that Townsel has ever been known by. Second, Townsel alleged that trial counsel was ineffective for failing to investigate the available "conclusive evidence" that he had no known aliases and therefore could not have been Anthony Hardrick. Townsel also noted that "the issue was not argued in Court nor was it presented to a higher tribunal." Pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, the circuit court construed Townsel's ambiguously captioned filing as a post-conviction petition and concluded that it was a *successive* post-conviction petition, since Townsel had already filed for post-conviction relief in connection with the court's failure to correctly admonish him of the consequences of his guilty plea. The court summarily dismissed the various claims raised in his petition on grounds of either res judicata or waiver. *People v. Townsel*, No. 90 CR 1810 (Cook Cty. Cir. Ct. Dec 10, 2002).

On appeal from the circuit court's denial of his petition, Townsel's appointed counsel argued that the circuit court (1) erred by treating his petition for relief from judgment as a post-conviction petition and (2) erred by finding that the petition was successive and applying principles of res judicata to dismiss it without further consideration. The appellate court reversed the circuit court's summary dismissal of Townsel's petition and remanded it for consideration on the merits. *People v. Townsel*, No. 1-03-0334 (Ill. App. Ct. April 20, 2005). The State filed a PLA, however, and the Illinois Supreme Court vacated the appellate court's judgment in a supervisory order that instructed the court to reconsider the case in light of a recent precedent. *People v. Townsel*, No. 100582 (Ill. Sept. 9, 2005). On reconsideration, the appellate court affirmed the order dismissing Townsel's petition, holding that it was properly construed as a post-conviction petition. *People v. Townsel*, No. 1-03-0334 (Ill. App. Ct. Jan. 4, 2006). The appellate court also found that Townsel had waived his ineffective-assistance-of-counsel claim

because he could have raised it on direct review but did not. *Id.* (citing *People v. Blair*, 215 Ill. 2d 427, 444 (Ill. 2005). Townsel filed a PLA, raising the sole claim that it was error to treat his filing as a post-conviction petition; his PLA was denied on March 29, 2006. *People v. Townsel*, 850 N.E.2d 812 (Ill. 2006).

Meanwhile, on August 19, 2003, Townsel, again *pro se*, had filed an unambiguous petition for post-conviction relief in the circuit court. He argued that (1) the judge who dismissed his previous petition should be recused; (2) the State withheld a critical witness; (3) the State wrongly argued that petitioner used an alias, and that a warrant was pending against petitioner via the alias; (4) trial counsel was ineffective for failing to investigate and secure available proof that Townsel had been arrested on an invalid warrant and that he was never known by any alias; (5) the State withheld exculpatory evidence; (6) the State knowingly permitted its witnesses to testify falsely about the circumstances of his arrest; (7) the State submitted false and manufactured evidence. The circuit court dismissed Townsel's petition as a successive post-conviction petition *People v. Townsel*, No. 90 CR 01810-01 (Cook Cty. Cir. Ct. Oct. 6, 2003). Townsel appealed, raising only one issue: whether the circuit court erred by considering his petition to be successive and summarily dismissing it. The appellate court agreed that the petition was successive and, noting that Townsel had "waived any contention supporting the merits of his petition," affirmed the circuit court's order of dismissal. *People v. Townsel*, No. 1-03-3423 (Ill. App. Ct. Sept. 23, 2005). Townsel, still *pro se*, raised four claims in his PLA: (1) trial counsel was ineffective for failing to investigate whether the State had manufactured evidence, suborned perjury, and arrested him on an invalid warrant; (2) the State withheld exculpatory evidence, (3) suborned perjury, and (4) presented false and manufactured evidence at trial. Townsel's PLA was denied on January 25, 2006. *People v. Townsel*, 844

N.E.2d 971 (Ill. 2006).

Townsel, *pro se*, then turned to federal court, filing the present petition for a writ of habeas corpus on January 4, 2007. He asserts three grounds for relief: (1) his trial counsel was ineffective for failing to investigate the possibility that he was arrested pursuant to an invalid warrant; (2) he was arrested, without probable cause, pursuant to an invalid warrant; (3) his appellate counsel was ineffective for failing to review fingerprint evidence.

## LEGAL STANDARD

"A district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the court may issue a writ of habeas corpus only if the state court's determination of the petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Woods v. McBride*, 430 F.3d 813, 816 (7th Cir. 2005).

"A federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); *see* 28 U.S.C. § 2254(b)(1)(A). To exhaust those remedies, the petitioner must fully and fairly present each federal claim—i.e., its operative facts and controlling legal principles—to the state courts. *Chambers*, 264 F.3d at 737-38 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). The petitioner must assert each claim "through one complete round of state-court review, either on direct appeal of his

conviction or in post-conviction proceedings." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (quotation and citation omitted).

When a state court resolves a question of federal law based on "a state law ground that is independent of the federal question and adequate to support the judgment," a federal habeas court generally may not review the state court's decision. *Woods v. Schwartz*, 2009 U.S. App. LEXIS 26802, at *8 (7th Cir. Dec. 9, 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (2001)). "[W]hen a state refuses to adjudicate a petitioner's federal claims because they were not raised on accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal review." *Woods*, 2009 U.S. App. LEXIS 26802, at *8-9 (citing *Cone v. Bell*, 556 U.S. __, 129 S. Ct. 1769, 1780 (2009)). And "a finding of waiver by the state post-conviction court is enough to establish an adequate and independent state ground." *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009).

A failure to comply with the exhaustion requirement or with the state's procedural rules will operate as a procedural default, which bars federal habeas corpus relief "unless the petitioner can demonstrate both cause for and prejudice stemming from the default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

## **ANALYSIS**

Townsel argues that he is entitled to a writ of habeas corpus because his arrest violated the Fourth Amendment: he was arrested pursuant to a warrant in the name of one "Anthony Hardrick" rather than "Anthony Townsel." This argument lacks merit. An invalid arrest, on its own, does not impugn the validity of a subsequent conviction, *see United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to

subsequent prosecution, nor as a defense to a valid conviction."), and therefore provides no basis upon which to issue the writ. Townsel does not argue that his conviction rests upon the use of evidence tainted by his illegal arrest in the prosecution's case in chief; at any rate, he litigated those claims in his motion to suppress, and as long as a habeas petitioner was afforded an "opportunity for full and fair litigation of a Fourth Amendment claim" in state court, federal habeas review of the claim is barred. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). Since nothing in the record indicates any "subversion of the [suppression] hearing process," this court may not revisit the state court's decisions on Townsel's Fourth Amendment claims. *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008).

Townsel also alleges that trial counsel was ineffective for failing to investigate and obtain proof that he was not the person named on the warrant the police executed when arresting him. The state answers that this claim is procedurally barred for lack of fair presentment to the state courts through one complete round of review. The issues here are murky. Townsel raised this claim in both of his post-conviction petitions in the circuit court. But he did not pursue this claim on direct appeal from the circuit court's denial of his first petition, or in his corresponding PLA; nor did he raise it on appeal from the denial of his second petition, although he did raise it, the second time around, in his PLA. Furthermore, the Illinois Appellate Court had occasion to consider the claim on remand following the state's successful PLA. Thus, the claim was in fact presented to every relevant state court. Nevertheless, the court is doubtful that this roundabout and serendipitous route satisfies the presentment requirement in light of *Lewis*, 390 F.3d at 1027-28. This issue need not be decided, however, since Townsel cannot prevail on the merits of his ineffective-assistance claim, procedural default aside.

But first, there is another colorable basis for procedural default of Townsel's ineffective-

assistance claim that bears mention: the Illinois Appellate Court found, as did the Circuit Court of Cook County, that Townsel waived this claim because he could have raised it on direct appeal from his conviction but failed to do so. *People v. Townsel*, No. 1-03-0334 (Ill. App. Ct. Jan. 4, 2006). Usually, this finding would operate as an adequate and independent state-law ground of decision and hence as a procedural bar, but a federal habeas court is not always barred from deciding for itself whether an asserted state-law ground really is adequate to bar a federal claim. *See, e.g.*, *Cone*, 129 S. Ct. at 1780-81. While it is settled law in Illinois that a post-conviction petitioner waives any claim that he could have brought on direct review but failed to, there is an equally well settled exception for claims whose factual basis is not apparent from the face of the original appellate record. *People v. Blair*, 831 N.E.2d 604, 619 (Ill. 2005) (citations omitted). It is not at all clear to this court how the factual basis for the claim that counsel failed to adequately *investigate* would be apparent on the face of a cold appellate record, quite apart from any exercise of the trial court's fact-finding capabilities on collateral review. The alleged adequacy of this state-law ground to dispose of Townsel's ineffective-assistance claim is therefore suspect. Once again, though, the court need not resolve the issue, and instead proceeds to the merits of Townsel's claim.

The merits are far clearer than the procedural morass that emerged from the state courts. Townsel cannot show that trial counsel's alleged failure to investigate resulted in prejudice under the familiar standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires him to make out "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 698. Townsel's ineffective-assistance claim is grounded in his underlying complaint that his arrest violated the Fourth Amendment because the

arrest warrant was not in his name; that is what trial counsel supposedly neglected to investigate and argue to the jury. But the manner of Townsel's arrest, including any alleged defects in the warrant, is immaterial to his guilt or innocence—and would do nothing to neutralize the likely effect on the jury of Townsel's confession. Townsel has not identified anything that would or should have had any impact on the jury's verdict. Thus, his complaints about trial counsel's performance patently fail to support a finding of prejudice.

Townsel's claim that appellate counsel was ineffective is procedurally barred, this time for straightforward reasons. In his October 31, 2002 post-conviction petition, Townsel asserted that "the issue [whether the name on the warrant used to arrest Townsel was an alias of his] was not argued in Court nor was it presented to a higher tribunal." Thus, on a liberal construal of that petition, Townsel raised ineffective assistance of appellate counsel, albeit not on the same grounds that he asserts now. However, Townsel did not present any such claim to the Illinois Appellate Court or to the Illinois Supreme Court, despite the multiple rounds of appellate proceedings that his post-conviction petitions generated.

Because Townsel did not assert his claim through a complete round of state-court review, this court could consider it only if he demonstrated (a) cause for and prejudice from the operation of a procedural default, *or* (b) that a miscarriage of justice would occur if the court did not consider his claim. He can do neither. According to Townsel's petition, the fingerprint evidence that appellate counsel allegedly failed to review would have shown—once again—that he is not Anthony Hardrick. Thus, Townsel cannot show that procedural default would result in prejudice against him: since the fingerprint evidence would not impugn the validity of his conviction, it would not have entitled him to any relief in the state courts. Nor can Townsel show that procedural default threatens a miscarriage of justice, i.e., the conviction of an innocent man,

since the fingerprint evidence does not bear on the question of his guilt or innocence. Hence, there is no basis on which to excuse the procedural default of this claim.

Townsel's petition depends at every turn on the defects he claims to have identified in the warrant executed upon his arrest. These defects do not provide any basis upon which this court could issue a writ of habeas corpus—even if Townsel developed an unassailable factual basis for his claims. Accordingly, his petition and his request for an evidentiary hearing must both be denied.

## **CONCLUSION**

For the foregoing reasons, Townsel's petition for a writ of habeas corpus and request for an evidentiary hearing are DENIED.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: January 20, 2010**